**Vrezh TOROSYAN, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

Nos. 03–70474, 05–71669.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 \*\*.

Filed Dec. 28, 2007.

Gittel Gordon, Esq., Law Offices of Gittel Gordon, La Jolla, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Joshua E. Braunstein, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*

Vrezh Torosyan, a native of Iran and citizen of Armenia, petitions for review of

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), and the BIA's order denying his motion to reopen. To the extent we have jurisdiction it is under 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and review the denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We dismiss in part and grant in part the petition for review in No. 03–70474, and deny the petition for review in No. 05–71669.

We lack jurisdiction to review the agency's determination that Torosyan's asylum application was untimely and that no extraordinary circumstances excused the untimely filing. *See Ramadan v. Gonzales*, 479 F.3d 646, 656–57 (9th Cir.2007).

■ Substantial evidence does not support the credibility finding. Contrary to the IJ's finding, Torosyan correctly identified the leader of the Baha'i faith and the dates for fasting rituals, and articulated the leading principles of the faith. The IJ stated that Torosyan did not identify the location of the head of the faith, which presumably refers to his transposition of the locations of the National Spiritual Assembly, located in Illinois, and the Universal House of Justice, located in Israel. This transposition is minor and Torosyan was not given an opportunity to explain or clarify. *See Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir.2004) (regarding minor inconsistencies); *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999) (regarding opportunity to explain). The IJ stated that he did not base the credibility finding on Torosyan's failure to offer his mother's testimony or the dubious authenticity of his Baha'i membership card. Considering the above, the credibility finding is without substantial evidence.

We therefore grant petition for review No. 03–70474 and remand for the agency to consider whether, taking Torosyan's testimony as true that he is a subscriber to the Baha'i faith, he is eligible for withholding of removal as to Armenia and as to Iran; whether he was firmly resettled in Armenia for purposes of withholding of removal; and whether he is eligible for protection under CAT as to Armenia and Iran. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ The BIA did not abuse its discretion when it denied as untimely Torosyan's motion to reopen proceedings to introduce evidence regarding his asylum application because it is undisputed that the motion was filed 23 months after the BIA's previous removal order, and Torosyan did not demonstrate due diligence or grounds for equitable tolling. *See Iturribarria*, 321 F.3d at 897–99. We do not consider Torosyan's contentions regarding equitable tolling that arise solely from the affidavit he attached to his motion to reconsider, because that affidavit was not before the BIA at the time it denied reopening and Torosyan did not petition for review of the BIA's subsequent denial of his motion to reconsider. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (requiring exhaustion); *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (requiring separate petition for review for separate order).

No. 03–70474: **PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

No. 05–71669: **PETITION FOR REVIEW DENIED.**